Filed 12/22/15  AAA Oil, Inc. v. Famu Corp. CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| AAA OIL, INC., | B261083 |
| Plaintiff, Cross-defendant, and Respondent, | (Los Angeles County Super. Ct. No. NC059036) |
| v. | |
| FAMU CORPORATION, | |
| Defendant, Cross-complainant, and Appellant. | |

———————————————

APPEAL from a judgment of the Superior Court of Los Angeles County.  Ross M. Klein, Judge.  Affirmed.

Gary Eugene Beeks for Defendant, Cross-complainant, and Appellant.

Gaba Law Corporation, Rodolfo Gaba and Christopher Overton for Plaintiff, Cross-defendant, and Respondent.

———————————————

Defendant and cross-complainant Famu Corporation (Famu) appeals from a judgment after trial in favor of plaintiff and cross-defendant AAA Oil, Inc. (AAA). Famu contends the judgment must be reversed because it met its burden of proof on its cross-complaint. We disagree and affirm.

## BACKGROUND

AAA sued Famu for breach of contract and several common counts based upon Famu's failure to pay for fuel products AAA delivered to Famu pursuant to a contract. Famu cross-complained, seeking damages for AAA's failure to deliver the amount of fuel provided in the contract and for which AAA charged Famu, charging above-market prices, delivering "Regular" fuel into "Plus" and "Premium" tanks, damaging Famu's turbines by dropping absorbent towels into the tanks, and abruptly stopping fuel supplies to Famu, causing it to close for three days.

The case was tried by the court, without a reporter. Two witnesses testified for AAA and three for Famu. The trial court found in favor of AAA and against Famu on both the complaint and the cross-complaint. In its written decision, the court first found that Famu had failed to pay three invoices from AAA for delivered fuel, totaling $83,436.69. The court rendered judgment in favor of AAA in the total amount of $103,825.32.

With respect to claims in the cross-complaint, the court found Famu had not met its burden of proof and therefore rendered judgment for AAA on the cross-complaint. The court explained: "The Court finds that there was no compelling direct or circumstantial evidence to prove that the Plaintiff's gasoline delivery driver accidentally or intentionally put a cloth towel in Defendant's underground storage tank. [¶] The Court finds that if the Plaintiff's driver transferred the delivered gasoline into the wrong tank, it was at the request of the Defendant or the Defendant's employees. [¶] The Defendant claims he lost weekend gas-sales profits because the Plaintiff refused to make further gasoline deliveries until the Defendant paid for past deliveries. This claim fails for two independent reasons: The lost profits amounts are speculative; and the Defendant

2

could and should have mitigated any losses by arranging for and purchasing gasoline from another wholesale gasoline distributor."

Famu filed a timely appeal.

## DISCUSSION

"'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) The "party challenging a judgment has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) Failure to provide an adequate record on an issue requires that the issue be resolved against the appellant. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296.)

"Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*. To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. [Citation.] The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)

"[W]here the issue on appeal turns on a failure of proof at trial, the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law. [Citations.] Specifically, the question becomes whether the appellant's evidence was (1) 'uncontradicted and unimpeached' and (2) 'of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding.'" (*In re I.W.* (2009) 180 Cal.App.4th 1517, 1528.)

Famu had the burden to affirmatively prove the merit of the claims in its cross-complaint. The trial court found it did not meet that burden. On appeal, Famu has not shown, and indeed, absent a reporter's transcript, cannot possibly show, that the evidence

compels a finding in its favor as a matter of law.  Famu thus fails to demonstrate reversible error.

We further note Famu's brief fails to meet its obligations in other ways, for example, it fails to cite the evidence in the record supporting the judgment and fails to cite any authority supporting its contentions.  (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852; *Rayii v. Gatica* (2013) 218 Cal.App.4th 1402, 1408 ["An appellant . . . who cites and discusses only evidence in her favor fails to demonstrate any error and waives the contention that the evidence is insufficient to support the judgment"].)

## DISPOSITION

The judgment is affirmed.  Respondent is awarded its costs on appeal.

NOT TO BE PUBLISHED.


LUI, J.

We concur:


ROTHSCHILD, P. J.


CHANEY, J.

4